FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN - 2 2008

Stephan Harris, Clerk
Cheyenne

Bryan A. Skoric
James F. Davis
1002 Sheridan Ave.
Cody, Park County 82414
(307) 527-8660 (phone)
(307) 527-8668 (facsimile)

Attorneys for Park County, Wyoming – Petitioners

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BUCKY HALL, TIM A. FRENCH, JILL SHOCKLEY SIGGINS, BILL BREWER, and MARIE FONTAINE, in their official capacity as the Board of County Commissioners of the County of Park, State of Wyoming,<br><br>Petitioner,<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior; MARY BOMAR, in her official capacity as the Director of the National Park Service, and MICHAEL SNYDER, in his official capacity as Intermountain Regional Director, National Park Service,<br><br>Respondents. | Civil No. 08CV 004-D |

## PETITION FOR REVIEW OF AGENCY ACTION

1.     Petitioner, Board of County Commissioners of the County of Park, Wyoming

("Park County"), by and through the office of the Park County Attorney, hereby petitions

the Court for review of the National Park Service's final rule regarding winter use in Yellowstone National Park, Grand Teton National Park and the John D. Rockefeller, Jr., Memorial Parkway, as submitted December 13, 2007 by the above-named respondents, Dirk Kempthorne, United States Secretary of the Interior, Mary Bomar, Director of the National Park Service, and Michael Snyder, Intermountain Regional Director of the National Park Service on. The final rule followed respondents' publication of an Environmental Impact Statement and Record of Decision regarding winter use and is published at 72 Fed. Reg. 70781-70804 (Dec. 13, 2007).

2.	This petition is filed pursuant to 5 U.S.C. § 706(2)(A)(B) and (C). The final rule is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, is contrary to constitutional right, power or privilege and/or in excess of statutory jurisdiction, authority or limitation or short of statutory right. By way of example, the final rule:

   a. Allows only commercially-guided snowmobile access and fails to properly analyze an alternative for non-commercially guided access in accordance with the National Environmental Protection Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*;

   b. Fails to provide sufficient analysis and justification for the long-term management plan related to winter use over Sylvan Pass in Yellowstone National Park in violation of NEPA. Petitioner recognizes a need to preserve this issue despite continuing efforts between the parties to negotiate aspects of future use;

    c. Fails to adequately analyze the allocation of snowmobile entries into Yellowstone National Park on a per season basis or flexible daily basis as compared to a strict per day basis as it relates to maximum numbers in violation of NEPA;

    d. Fails to properly analyze the preferred alternative as a whole in violation of NEPA;

    e. Fails to give observance and critical review of Park County's public comments, particularly in the context of Park County's status as a cooperating agency;

    f. Arbitrarily and capriciously reduces the number of snowmobile entries into Yellowstone National Park from 720 per day (draft environmental impact statement preferred alternative) to 540 per day (final rule), which final number is additionally violative of the Yellowstone National Park Act, 16 U.S.C. § 21, the National Park Service Organic Act, 16 U.S.C. §§ 1, 2-4, and 40 C.F.R. §§ 1501.6 and 1501.8;

    g. Establishes a *de facto* tax or unauthorized fee with the requirement that all snowmobiles be accompanied by a commercial guide;

    h. Is based in part on a regulation, 36 C.F.R. § 2.18(c), that regulates activity in a manner beyond the authority granted in the executive order upon which it is based, and therefore the final rule, to the extent it relies on said regulation, is contrary to law.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 5 U.S.C. §§ 701-706, Fed. R. App. P. 15 and U.S.D.C.L.R. 83.7.2.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (e).

**WHEREFORE**, Petitioner respectfully prays that this Court:

1.      Find that the Final Rule and the environmental impact statement and record of decision preceding the Final rule are unlawful and set them aside;

2.      Remand this matter to the National Park Service to remedy the violations set forth herein;

3.      Grant Petitioners such other and further relief this Court may deem just and proper.

Respectfully submitted this 31st day of December, 2007.

_____
Bryan A. Skoric
Park County Attorney

_____
James F. Davis
Deputy Park County Attorney
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660
(307) 527-8668 facsimile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PETITION FOR REVIEW OF AGENCY ACTION by Petitioner was served upon the following by placing same in the United States mail, first-class, certified, return receipt requested, on the 31st day of December, 2007, addressed as follows:

Honorable Dirk Kempthorne
Secretary
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Michael Snyder
Intermountain Regional Director
National Park Service
12795 W. Alameda Parkway
P.O. Box 25287
Denver, CO 80225

Honorable Michael B. Mukasey
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney
c/o Civil Process Clerk
P.O. Box 668
Cheyenne, Wyoming 82003-0668

Mary Bomar
Director
National Park Service
1849 C Street, NW
Washington, D.C. 20240

Bryan A. Skoric
Park County Attorney
1002 Sheridan Avenue
Cody, Wyoming 82414
(307) 527-8660
(307) 527-8668  Facsimile

5